IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SHEREE L. OSBORNE,            )
                              )
              Plaintiff,   )
                              )
v.                            )    No. CIV-05-1500-L
                              )
OKLAHOMA EMPLOYMENT           )
SECURITY COMMISSION, an       )
agency of the State of Oklahoma, )
                              )
              Defendant.   )

## O R D E R

On December 21, 2005, plaintiff filed this action seeking damages pursuant to the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended. In addition to her federal claims, plaintiff presents two state law claims for wrongful discharge. The sole defendant is plaintiff's prior employer, the Oklahoma Employment Security Commission, which is an agency of the State of Oklahoma. This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Defendant contends the Eleventh Amendment bars prosecution of plaintiff's ADA, FMLA, and state law claims. In addition, defendant asserts plaintiff's § 1983 claim fails because

defendant, as an agency of the State of Oklahoma, is not a person within the meaning of the statute.

The standard governing a motion to dismiss for failure to state a claim is clear. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The complaint must be construed in the light most favorable to the plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526. However, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This is because "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. Likewise, as defendant presents a facial attack on the court's subject matter jurisdiction, the court must assume the truth of the complaint's factual allegations. Holt v. United States, 46 F.3d 1000, 1002-3 (10th Cir. 1995).

The complaint[1] alleges plaintiff was employed by defendant from June 18, 1998 until she was terminated on April 28, 2004. On January 15, 2000, defendant relocated its offices to a building in Norman, Oklahoma that plaintiff alleges contained "structural defects, health and safety hazards and possible contamination." Complaint at ¶ 9. On December 5, 2001, plaintiff was injured in an automobile accident. When she returned to work after the accident, she was initially given a reduced work load, "but increasingly Defendant forced Osborne to undertake tasks which undermined her recovery." Id. at ¶ 11. Plaintiff contends the environmental hazards at her work site exacerbated her medical conditions. She sought, and was granted, intermittent leave pursuant to the FMLA, but eventually defendant denied such leave. Id. at ¶ 13. Plaintiff was ultimately diagnosed with post traumatic stress syndrome, fibromyalgia, and other musculoskeletal difficulties. Because of her medical condition, she requested accommodations from defendant but her requests were denied or ignored. Id. at ¶ 16. On January 4, 2004, plaintiff suffered an on-the-job injury which exacerbated her existing medical condition. As a result of that injury, she filed a claim for workers' compensation. Plaintiff was terminated on April 28, 2004. She contends her termination was due to disability and race discrimination and in retaliation for her complaining about environmental

---

[1]The court's recitation of facts is taken from plaintiff's complaint. Although plaintiff attached matters outside the pleadings to her response to the motion to dismiss (Doc. No. 8), the court did not consider them in ruling on the motion. Nothing in the court's recitation of facts in this Order should be construed by either party as a finding of fact by the court.

hazards and for filing a workers' compensation claim. She also alleges defendant denied her reasonable accommodations under the ADA and interfered with her FMLA rights.

Defendant moves for dismissal of plaintiff's ADA, FMLA, and state law claims based on Eleventh Amendment immunity. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XI.

> "The Eleventh Amendment is an explicit limitation of the judicial power of the United States." *Missouri v. Fiske*, 290 U.S., at 25. It deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction. . . . The Amendment thus is a specific constitutional bar against hearing even federal claims that otherwise would be within the jurisdiction of the federal courts. . . . The history of the adoption and development of the Amendment . . . confirms that it is an independent limitation on all exercises of Art. III power: "the entire judicial power granted by the Constitution does not embrace authority to entertain suit brought by private parties against a State without consent given," *Ex parte State of New York No. 1*, 256 U.S. 490, 497, 41 S. Ct. 588, 589, 65 L. Ed. 1057 (1921).

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 119-20 (1984) (footnote omitted). As plaintiff has sued an agency of the State of Oklahoma, there is no doubt the Eleventh Amendment applies. The question, however, is whether Congress has abrogated the Amendment's immunity with respect to the federal

claims alleged here.  *See* Guttman v. Khasla, 446 F.3d 1027, 1035-36 (10th Cir. 2006).

Title I of the ADA prohibits employment discrimination against "a qualified individual with a disability".[2]  Under Title I, "qualified individual with a disability" is defined in the context of an employment relationship, that is as a person who with or without reasonable accommodation can perform the essential functions of the job. 42 U.S.C. § 112111(8).  Title II of the ADA, which applies solely to public entities, is not so narrowly focused.  This portion of the Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The definition of who qualifies for protection under Title II reflects its emphasis on the provision of public services and programs.  Such an individual is one who "with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).  In Board of Trustees of University of Alabama v. Garrett, the

---

[2]The Act prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  In addition, Title I requires employers make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability".  42 U.S.C. § 12112(b)(5).

United States Supreme Court held Congress did not abrogate the States' immunity when it enacted Title I of the ADA.  Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 374 (2001).  The Court reasoned

> in order to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation. Those requirements are not met here, and to uphold the Act's application to the States would allow Congress to rewrite the Fourteenth Amendment law laid down by this Court in *Cleburne*.  Section 5 [of the Fourteenth Amendment] does not so broadly enlarge congressional authority.

Id. (footnote omitted).

To negate defendant's reliance on Garrett, plaintiff contends her ADA claims are brought pursuant to Title II of the ADA, not Title I.  The courts are divided on whether a state employee may sue under Title II for employment discrimination when Title I expressly governs such conduct.  *See* Id. at 360 n.1; Davoll v. Webb, 194 F.3d 1116, 1130 (10th Cir. 1999).  Having thoroughly examined the issue, the court concludes plaintiff may not assert an employment discrimination claim pursuant to Title II.[3]  Permitting plaintiff to do so would not only circumvent the

---

[3] Even if the court were to find plaintiff could assert employment claims pursuant to Title II, the analysis used in Garrett would apply with equal force to such claims.  Abrogation of the States' Eleventh Amendment immunity would still not be permissible because there is no "history and pattern of unconstitutional *employment* discrimination by the States against the disabled." Garrett, 531 U.S. at 368 (emphasis added).

enforcement procedures applicable to Title I,[4] but also would do violence to the statutory scheme. Congress clearly intended employment discrimination to be governed by Title I; Title II seeks to remedy other forms of discrimination and the differing definitions of "qualified individual with a disability" support this conclusion. "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (*quoting* United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972)). As plaintiff cannot assert a Title II claim and her claims pursuant to Title I are barred by the Eleventh Amendment, dismissal of her ADA claims is warranted.     Plaintiff's FMLA claim is likewise barred as Congress did not validly abrogate the States' sovereign immunity when it enacted the self-care provision of the FMLA.[5] Brockman v. Wyoming Dep't of Family Services, 342 F.3d 1159, 1165 (10th Cir. 2003), *cert. denied*, 540 U.S. 1219 (2004). Notwithstanding this precedent, plaintiff asserts dismissal is unwarranted because "she has sufficiently alleged facts which are inclusive of claims under both Section

---

[4]Title I incorporates the remedies and procedures set forth in Title VII of the Civil Rights Act, including administrative exhaustion. 42 U.S.C. § 12117(a).

[5]The FMLA authorizes qualified employees to take leave under defined circumstances. Three of qualifying events relate to the employee's care for others: the birth and care of a child; adoption or foster care of a child; or care for a spouse, child, or parent who has a serious health condition. 29 U.S.C. § 2612(a)(1)(A)-(C). The fourth category is known as the self-care provision, because it authorizes leave due to the employee's serious health condition. 29 U.S.C. § 2612(a)(1)(D).

2612(a)(1)(D) and (C)." Plaintiff's Response in Objection to Defendant's Motion to Dismiss at 10. Plaintiff's argument is fatally flawed as the Complaint contains no allegations that she sought or was denied leave to care for anyone other than herself. As written, the FMLA claim is subject to dismissal pursuant to Brockman.

With respect to plaintiff's § 1983 claim, defendant correctly asserts that as an agency of the State of Oklahoma it cannot be sued for damages pursuant to 42 U.S.C. § 1983. It is well settled that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Thus, notwithstanding plaintiff's argument that defendant's policies violated her constitutional rights, this claim must be dismissed.

Finally, the court also finds plaintiff cannot pursue her state law claims against defendant in this court. As the Court in Pennhurst noted, "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." Pennhurst State School & Hosp., 465 U.S. at 121 (footnote omitted). Defendant, as an agency of the State of Oklahoma, cannot be sued in federal court for state law torts of wrongful discharge. These claims must therefore be dismissed for lack of jurisdiction.[6]

In sum, defendant's Motion to Dismiss (Doc. No. 6) is GRANTED. Plaintiff's First, Second, Third, Fourth, Sixth, and Seventh Causes of Action are DISMISSED.

---

[6]As the court dismisses these claims for lack of jurisdiction, it expresses no opinion on the merits of plaintiff's claims or defendant's allegation that plaintiff failed to comply with the Oklahoma Governmental Tort Claims Act.

Defendant shall file its answer to plaintiff's Fifth Cause of Action within **ten (10) days** of the date of this Order.

It is so ordered this 25th day of July, 2006.

*/s/ Tim Leonard*

TIM LEONARD
United States District Judge